**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4550**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FERMIN MATA-BUSTOS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Bruce H. Hendricks, District Judge. (6:17-cr-00206-BHH-2)

Submitted: February 26, 2019                    Decided: February 28, 2019

Before KING, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Daniel Josev Brewer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fermin Mata-Bustos pled guilty, without a plea agreement, to conspiracy to possess with intent to distribute and to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2012). The district court sentenced Mata-Bustos to 120 months' imprisonment and 4 years of supervised release. On appeal, counsel for Mata-Bustos filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the reasonableness of Mata-Bustos' sentence. Mata-Bustos filed a supplemental pro se brief in which he also questioned the reasonableness of his sentence. The government elected not to file a response brief. Finding no error, we affirm.

We review Mata-Bustos' sentence for reasonableness under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and review unpreserved, non-structural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *See Gall*, 552 U.S. at 51. Thus, we must first assess whether the district court properly calculated the advisory Sentencing Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *See Gall*, 552 U.S. at 49-51; *Lynn*, 592 F.3d at 575-76. If no procedural error is found, we may then review the sentence for substantive

2

reasonableness, "examin[ing] the totality of the circumstances[.]" *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable[,]" *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014), and "[t]hat presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors[,]" *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Mata-Bustos' advisory Guidelines range, heard argument from counsel, provided Mata-Bustos an opportunity to allocute, and provided an adequate, individualized explanation of his within-Guidelines sentence. We conclude that the district court's imposition of the statutory mandatory minimum sentence is presumptively reasonable and discern no basis to question the substantive reasonableness of Mata-Bustos' within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mata-Bustos, in writing, of the right to petition the Supreme Court of the United States for further review. If Mata-Bustos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mata-Bustos.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*